IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-151-BR

| | | |
|---|---|---|
| AMERICAN DAIRY QUEEN CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| YS&J ENTERPRISES, INC. and JOHN A. RIBET III, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on plaintiff American Dairy Queen Corporation's ("ADQ") motion for temporary restraining order and preliminary injunction. (DE # 8.)

On 13 March 2014, plaintiff initiated this action against defendants YS&J Enterprises, Inc. ("YS&J") and John A. Ribet III,[1] which plaintiff characterizes as follows.

> This is a dispute between a franchisor, ADQ, and its holdover franchisee, YS&J. ADQ terminated YS&J's franchise agreement to operate a DQ®/ORANGE JULIUS® restaurant using the DAIRY QUEEN® and ORANGE JULIUS® Marks after YS&J defaulted and subsequently failed to find an approved buyer for the DQ®/ORANGE JULIUS® restaurant within the agreed-upon period of time. Now, six weeks later and despite repeated demands to cease and desist, YS&J continues to operate a DQ®/ORANGE JULIUS® restaurant and use the DAIRY QUEEN® and ORANGE JULIUS® Marks . . . .

(Compl., DE # 1, ¶ 1.) Plaintiff asserts claims for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125, breach of contract, and unjust enrichment.

---

[1] Allegedly, Ribet "controls a 100% interest in YS&J." (Compl., DE # 1, ¶ 4.)

The day after it filed the complaint, at 5:33 p.m., plaintiff filed the instant motion along with supporting documentation. It requests that the court enjoin defendants

> and all those in active participation with them (including officers, managers, guarantors, and employees) from:
> 1. Using or displaying the Dairy Queen® and Orange Julius® trademarks or any other marks similar to the Dairy Queen® and Orange Julius® trademarks;
> 2. Selling or distributing Dairy Queen® and Orange Julius® products;
> 3. Associating with the Dairy Queen® and Orange Julius® franchise system; and
> 4. Operating their store at Cross Creek Mall, 419 Cross Creek Mall, Fayetteville, North Carolina 28303, as a Dairy Queen® and/or Orange Julius® store or any other competing store, *i.e[.]*, a store selling soft serve treats and/or fruit-based drinks.

(Mot., DE # 8, at 1-2.)

Rule 65 of the Federal Rules of Civil Procedure governs awards of injunctive relief. Regarding the issuance of a temporary restraining order, the rule provides in relevant part:

> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). "An ex parte [temporary restraining order] is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." Erard v. Johnson, 905 F.

2

Supp.2d 782, 791 (E.D. Mich. 2012) (citations omitted).

The substantive standard for issuing a temporary restraining order or a preliminary injunction is the same.  See U.S. Dept. of Labor v. Wolf Run Mining Co., Inc., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that the only distinction between a preliminary injunction, which may be entered only after notice, and a temporary restraining order, which may be entered without notice, is duration).  The movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).

Considering plaintiff's request for a temporary restraining order, the court declines to award such relief.  First, contrary to Fed. R. Civ. P. 65(b)(1)(B), plaintiff's counsel has not certified what efforts have been made to notify defendants of the motion and the reasons why notice should not be required before the court acts.  The court recognizes that plaintiff has attached certificates of service to the motion and all supporting documentation indicating that it served defendants with the documents via Federal Express on the same day the documents were filed.  (See DE ## 8-11.)  Although such service might be sufficient to comply with Federal Rule of Civil Procedure 5, it does not satisfy the certification requirement of Rule 65(b)(1)(B).  See Archer v. Darling, Civil Case No. 09-cv-01988-PAB-KMT, 2009 WL 3418217, at *1 (D. Colo. Oct. 20, 2009) (denying without prejudice motion for temporary restraining order and preliminary injunction on several grounds, including counsel's failure to certify notice efforts under Rule 65(b)(1)(B), "having only attached a certificate of service to the motion").

Furthermore, plaintiff has not met Rule 65(b)(1)(A)'s requirement of clearly showing that

3

immediate and irreparable injury will result to it <u>before defendants can be heard</u>.  To be sure, plaintiff has argued that it is currently suffering, and will continue to suffer, irreparable harm if injunctive relief is not ordered.  (Mem., DE # 9, at 12-16.)  However, it has not argued or suggested why ex parte injunctive relief is warranted.  For nearly two months defendants have used plaintiff's trademarks without authority.  (<u>See</u> Piunti Decl., DE # 10, ¶¶ 3, 6-9.)  The purported irreparable harm began at that time.  Additional harm, i.e., harm over and above what plaintiff currently suffers, will not result by allowing defendants an opportunity to be heard.  <u>See</u> <u>Gebhardt European Autos, LLC v. Porsche Cars of N. Am., Inc.</u>, Civil Action No. 10-cv-02696-MSK, 2010 WL 4642490, at *3 (D. Colo. Nov. 9, 2010) (denying motion for temporary restraining order regarding allegedly improper cancellation of a franchise and noting that "[t]his is not a situation in which only an *ex parte* injunction can prevent an injury from occurring; the injury already began occurring before the Plaintiff sought relief, and there is no indication how *ex parte* relief— as opposed to preliminary injunctive relief sought on notice to the Defendant— is necessary to prevent incremental suffering of that harm").

     Accordingly, to the extent plaintiff requests a temporary restraining order, its motion is DENIED.  To the extent plaintiff seeks a preliminary injunction, the motion is HELD IN ABEYANCE.  Defendants are DIRECTED to file any brief in opposition to the motion and supporting documentation or before 25 March 2014.  Plaintiff may file a reply thereto within five days of service. A hearing on plaintiff's motion for preliminary injunction is SET for 2 April 2014, at 9:00 a.m., Federal Courthouse and Building, Courtroom 2, Seventh Floor, 310 New Bern Avenue, Raleigh, North Carolina.  Plaintiff's counsel is DIRECTED to serve a copy of this order on defendants at their last known address(es) and file a certificate of service to that effect.

The Clerk is DIRECTED to serve a copy of this order on defendants at the address noted on plaintiff's certificates of service.

This 17 March 2014.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge