IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-151-BR

AMERICAN DAIRY QUEEN                )
CORPORATION,                        )
        Plaintiff,              )
                                    )
     v.                          )          ORDER
                                    )
YS&J ENTERPRISES, INC. and JOHN A.  )
RIBET III,                          )
        Defendants.             )
                                    )
                                    )

This matter is before the court on plaintiff's motion for default judgment against

defendants. (DE # 45.) Defendants have been served with the motion and documents filed in

support of the motion, but they have not filed a response.

On 13 March 2014, plaintiff initiated this action, asserting claims for trademark

infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. §

1125, breach of contract, and unjust enrichment. These claims arise out of defendants' failure to

cease operating a Dairy Queen®/Orange Julius® restaurant in Fayetteville, North Carolina under

the terms of the parties' franchise agreement. On 14 March 2014, plaintiff filed a motion for a

temporary restraining order and preliminary injunction. (DE # 8.) The court denied the motion

to the extent plaintiff sought a temporary restraining order and set a hearing on the motion for

preliminary injunction. (DE # 12.) On 2 April 2014, the court held that hearing, at which

defendants did not appear, and allowed the motion for preliminary injunction, enjoining

defendants from using or displaying the subject trademarks at the restaurant location, from

selling or distributing any trademarked products at the restaurant location, and from operating

the subject restaurant. (DE # 26.) On 16 April 2014, plaintiff filed a motion for entry of default.

(DE # 28.)

On 13 May 2014, plaintiff filed a motion for an order of civil contempt and sanctions against defendants. (DE # 31.) On 2 June 2014, the court held a show cause hearing on that motion. Defendant John A. Ribet III appeared at the hearing. The court found defendants in civil contempt for failing to abide by the preliminary injunction order. (DE # 51.) The court ordered that defendants certify their compliance with the preliminary injunction order; disgorge their profits since 4 April 2014 in the amount of $895.68 per month until compliance with the preliminary injunction order is shown; and pay plaintiff its attorneys' fees and costs in the amount of $11,966.50. (Id.) On 13 June 2014, the Clerk received a copy of correspondence from defendant Ribet to plaintiff's in-house counsel stating that "all DQ/OJ signage and trademarks had been removed from the Fayetteville store by 8 June 2014." (DE # 52.)

In the meantime, on 19 May 2014, the Clerk entered default against defendants. (DE # 40.) And, on 30 May 2014, plaintiff filed the instant motion for default judgment.

Defendants' failure to answer the allegations contained in the complaint constitutes default, as well as admission of plaintiff's "well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Though a defendant may not challenge the sufficiency of the evidence presented to the court, he is "entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Id.; see also Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986). This court must determine whether the allegations of fact in the

2

complaint are sufficient to state a claim for relief.  Weft, 630 F. Supp. at 1141.

Based on the court's finding in regards to plaintiff's motion for preliminary injunction

that plaintiff had clearly shown a likelihood of success on the merits of its trademark

infringement and breach of contract claims, (see Order, DE # 26, at 4-6), the court concludes that

plaintiffs are entitled to default judgment on those same claims.[1]  Because defendants' liability as

to plaintiff's trademark infringement claim has been established, plaintiff is also entitled to

default judgment on its false designation of origin claim.  See Lamparello v. Falwell, 420 F.3d

309, 313 (4th Cir. 2005) (recognizing that for a trademark holder to prevail on claims for

trademark infringement under 15 U.S.C. § 1114(1) and for false designation of origin under 15

U.S.C. § 1125(a)(1)(A), it must prove the same five elements).

As for damages on those claims, the court finds that an evidentiary hearing is not

warranted as plaintiff has filed sufficient affidavits and supporting documents to enable the court

to calculate damages.  See Frame v. S-H, Inc., 967 F.2d 194, 204 (5th Cir. 1992) ("If the damages

can be computed with certainty by reference to the pleadings and supporting documents alone,

an evidentiary hearing may not be necessary.").  Plaintiff is entitled to recover those damages

sustained as a result of defendants' unauthorized use of the trademarks.  See 15 U.S.C. § 1117(a)

(for violation of any trademark, the plaintiff shall be entitled to recover "any damages sustained

by the plaintiff").  And, in appropriate cases, those damages may be trebled.  See id. ("In

assessing damages the court may enter judgment, according to the circumstances of the case, for

any sum above the amount found as actual damages, not exceeding three times such amount.").

---

[1]Default judgment will not be entered on plaintiff's unjust enrichment claim as it is pled alternatively to the breach of contract claim.  (See Mot., DE # 45, at 11 ("If the Court determines that the Mutual Cancellation and Release does not cover the whole subject matter of this dispute, then [plaintiff] would also be entitled to damages for unjust enrichment.").)

3

> [I]t is well established that a franchisee's post-termination use of franchise marks may constitute trademark infringement warranting an award of treble damages under the Lanham Act, 15 U.S.C. § 1117. *See Gorenstein Enterprises v. Quality Care–USA*, 874 F.2d 431, 435–36 (7th Cir. 1989) (awarding treble damages for post-termination use of trademarks); *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1568 (11th Cir. 1986) (awarding treble damages, attorney fees and prelitigation interest where the franchisee illegally held over after its franchise was terminated); *KFC Corp. v. Lilleoren*, 821 F. Supp. 1191, 1193–94 (W.D. Ky. 1993) (same). In such cases, the total franchise service fees which the defendant would have owed under the terminated franchise agreement during the period of post-termination use of the franchise marks provides an appropriate measure of base damages. *See Ramada Inns Inc.*, 804 F.2d at 1565; *Holiday Inns v. Airport Holiday Corp.*, 491 F. Supp. 1025, 1028 (N.D. Tex. 1980).

McDonald's Corp. v. Do, No. Civ. A. 00-1592-A, 2001 WL 34042640, at *4 (E.D. Va. Apr. 30, 2001), aff'd, 20 F. App'x 194 (4th Cir. 2001).

In this case, under the terms of the operating agreement between plaintiff and defendant YS&J Enterprises, Inc. ("YS&J"), YS&J was required to pay plaintiff a license fee and a sales promotion program fee each month. (Compl., Ex. A, DE # 1-5; Piunti Decl., DE # 46, ¶¶ 3-4.) In turn, under the Parties' Mutual Cancellation and Release agreement, defendants were required to submit monthly reports and accompanying fees to plaintiff. (Compl., DE # 1, ¶ 21.) According to plaintiff, it has retained as "damages" $7888.14 from amounts defendants had previously paid to it, representing the license fees and sales promotion program fees for the time period from 21 January 2014 (the date of the franchise termination) through April 2014. (Piunti Decl., DE # 46, ¶ 9.) It reasonably estimates that defendants would owe $841.98 in sales promotion program fees and $1664.46 in license fees for May 2014. (Id. ¶ 5.) For 1 through 7

4

June 2014, those fees would be $222.14 and $405.25, respectively.[2] The court finds it appropriate to award to plaintiff as actual damages the fees defendants would have paid it under the parties' agreement from May through 7 June 2014, that is, $3133.83.

Plaintiff also requests that treble damages by awarded. Recognizing that any enhancement of damages must be for "compensation and not a penalty," 16 U.S.C. § 1117(a), the court finds it appropriate to enhance damages to compensate plaintiff for the injury to its goodwill and reputation given defendants' intentional and willful infringement. See Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 380 (W.D.N.C. 1997) ("An enhancement of damages may be based on a finding of willful infringement, but cannot be punitive. . . . However, enhancement can, 'consistent with the 'principles of equity' promoted in Section 35 [(15 U.S.C. § 1117(a)], provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice . . . .'" (citations omitted)). As to what amount should be trebled, the court disagrees with plaintiff's suggestion that the court should treble the entire amount that defendants would have paid as fees from 21 January through June 2014, including the amount of $7888.14 that plaintiff retained in payments defendants previously made. (See Mot., DE # 45, at 21.) The court determines that it is appropriate to treble only that amount awarded as actual damages, $3133.83, which results in a total damages award of $9401.49.[3]

---

[2]The court arrived at these figures based on plaintiff's estimate that defendants would owe $952.91 in sales promotion program fees and $1736.80 in license fees for the entire month of June 2014, (Piunti Decl., DE # 46, ¶ 6). Because defendant Ribet's lone filing indicates that the subject store was no longer operating as a Dairy Queen®/Orange Julius® restaurant as of 8 June 2014, the court adjusted plaintiff's figures to account for only the first seven days of June 2014.

[3]In making this award, the court has considered the following factors:
(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable

Plaintiff also seeks attorneys' fees.

> "[I]n exceptional cases," the Lanham Act permits the award of "reasonable attorney fees to the prevailing party." The statute does not define what qualifies as an "exceptional case." Like many, if not most, of our sister circuits, we define the "exceptional case" as one in which "the defendant's conduct was malicious, fraudulent, willful or deliberate in nature." . . . . A prevailing plaintiff seeking attorney fees must demonstrate "that the defendant acted in bad faith."

Retail Servs., Inc. v. Freebies Publ'g, 364 F.3d 535, 550 (4th Cir. 2004) (citations omitted). By ignoring plaintiff's cease and desist letters after termination of the franchise and by continuing infringement after notice of this action, after issuance of the preliminary injunction, and after entry of default, the court finds that defendants' conduct warrants an award of attorneys' fees. See Hospitality Int'l, Inc. v. Sitaram, Inc., No. 3:12-cv-01145-99MMH-MCR, 2013 WL 6798927, at *8 (M.D. Fla. Dec. 23, 2013) ("The undersigned agrees . . . that Defendants' conduct in continuing to use the [protected marks] for a period of over three (3) years . . . ; after five (5) demands for them to cease use . . . ; . . . after the filing of the instant litigation; and after the entry of a clerk's default against them in the instant litigation; is sufficient to show malicious, fraudulent, deliberate, and willful conduct on the part of Defendants such that an award of attorneys' fees is warranted." (citing Yellow Cab Co. of Orlando, Inc. v. Celebration Transp., Inc., No. 8:12-CV-1910-T-17MAP, 2013 WL 656339, at *7 (M.D. Fla. Jan. 28, 2013) (report and recommendation), adopted, 2013 WL 8705266 (M.D. Fla. Feb. 25, 2013), aff'd, No. 13-12874 (11th Cir. June 25, 2014); FSC Franchise Co., v. Express Corporate Apparel, LLC, No. 8:09-CV-454-T-23TGW, 2011 WL 1226002, at *8–9 (M.D. Fla. Feb. 28, 2011) (report and

---

delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.
Synergistic Int'l, LLC v. Korman, 470 F.3d 162, 175 (4th Cir. 2006) (citations omitted).

recommendation), <u>adopted</u>, 2011 WL 1153840 (M.D. Fla. Mar. 29, 2011); <u>Tiramisu Int'l LLC v.</u> <u>Clever Imports LLC</u>, 741 F. Supp. 2d 1279, 1295 (S.D. Fla. 2010)). The court further finds that plaintiff's request of $72,001.75 is reasonable, reducing it by the amount of $11,966.50 already awarded to plaintiff as attorneys' fees incurred in connection with its efforts to enforce the preliminary injunction order.

In addition, plaintiff requests that the court issue a permanent injunction against defendants. Such relief is permitted for trademark infringement and false designation of origin. <u>See</u> 15 U.S.C. §§ 1116(a). For a permanent injunction to issue, plaintiff must show "(1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." <u>PBM Prods., LLC v. Mead Johnson & Co.</u>, 639 F.3d 111, 126 (4th Cir. 2011) (citation omitted). Given defendants' inaction in this case and history of continued infringement, the court finds that the threat of continued infringement is likely, and, for the reasons set forth in the court's order awarding a preliminary injunction, the court will convert the preliminary injunction to a permanent injunction.

Finally, to recover costs, plaintiff may file a bill of costs in accordance with Local Civil Rule 54.1.

For the foregoing reasons, plaintiff's motion for default judgment is ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff have and recovers of defendants jointly and severally the amount of $9401.49 for damages and the amount of $60,035.25 for attorneys' fees, for a total amount of $69,436.74;

7

2.    Defendants and their officers, managers, guarantors, and employees are hereby

PERMANENTLY ENJOINED from:

a.    Using or displaying the DAIRY QUEEN® and ORANGE JULIUS®

trademarks at Cross Creek Mall, 419 Cross Creek Mall, Fayetteville,

North Carolina 28303;

b.    Selling or distributing DAIRY QUEEN® and ORANGE JULIUS®

products at Cross Creek Mall, 419 Cross Creek Mall, Fayetteville, North

Carolina 28303; and

c.    Operating their store at Cross Creek Mall, 419 Cross Creek Mall,

Fayetteville, North Carolina 28303 as a DAIRY QUEEN® and/or

ORANGE JULIUS® store.

3.    The Clerk disburse to plaintiff (in the care of plaintiff's counsel) the amount of

$5000 posted as security for issuance of the preliminary injunction.

This 14 August 2014.

_____

W. Earl Britt
Senior U.S. District Judge

8